UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PARAMETER LLC, doing business as PARAMETER SECURITY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 4:19-cv-02743-AGF |
| JOHN POOLE and WREN & ASSOCIATES, LLC, doing business as NETWORK TECHNOLOGY PARTNERS, | ) ) ) ) ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER
# CLARIFYING PRELIMINARY INJUNCTION

On December 9, 2019, following briefing and oral argument, the Court granted in part Plaintiff Parameter LLC, d/b/a Parameter Security's ("Parameter") Motion for a Preliminary Injunction, and the Court entered a Preliminary Injunction prohibiting Defendant John Poole ("Poole") from:

1. Maintaining employment in a capacity that involves selling information security or digital forensics services at Wren & Associates, LLC, d/b/a Network Technology Partners ("NTP"), or any other entity in the information security or digital forensics industry located within 50 miles of the Parameter LLC, d/b/a Parameter Security's ("Parameter") office located at 122 S. Main Street, St. Charles, MO 63301;

2. Directly or indirectly soliciting or accepting business from Parameter customers that Poole solicited or had contact with during his last 12 months of employment with Parameter; and

3. Using, possessing, or disclosing any Parameter confidential information.

1

ECF No. 55 at 30.

This matter is now before the Court on Parameter's Motion for Order to Show Cause Why Defendant John Poole Should Not Be Held in Contempt of Court, for Expedited Discovery, and for Sanctions. ECF No. 64. In the current motion, Parameter asserts that Poole is in direct, willful violation of Paragraph 1 of the Preliminary Injunction because he is in fact selling information security or digital forensics services at NTP, albeit directing his sales efforts to customers outside of the St. Louis region. In support of this assertion, Parameter attaches a copy of Poole's LinkedIn profile, in which Poole alludes to his information-security sales role at NTP.

Parameter asserts that "Poole apparently believes he can continue selling for NTP—and continue sending broad solicitations to all of his LinkedIn contacts, including those in St. Louis—so long as he tailors his pitch to customers outside of the St. Louis region. This is entirely unsupported by the plain language of the Preliminary Injunction." ECF No. 64 at 2. Accordingly, Parameter asks that the Court order Poole to show cause why he should not be held in contempt for violating the Preliminary Injunction; grant sanctions against Poole requiring Poole to cease working for NTP entirely and to pay Parameter's costs and attorneys' fees incurred in bringing this motion; and, if necessary, grant Parameter leave to conduct limited expedited discovery into Poole's activities over the past several months in order to determine the scope of Poole's violations.

In response, Poole asserts that, to the extent he has violated the Preliminary Injunction, the violation was unintentional and a result of a legitimate misunderstanding of the scope of the Preliminary Injunction. Specifically, Poole asserts that he "interpreted

2

the prohibition more broadly in believing that [he] could maintain employment at NTP and could also potentially sell services as long as customers were located outside the 50-mile radius from Parameter's office (i.e. 'maintaining employment in a capacity that involves selling information security or digital forensics services…located within 50 miles of' the Parameter office)." ECF No. 66 at 3 (emphasis in original).

Poole further notes that Parameter initially sought to enjoin Poole from further employment at NTP "in any capacity," but, later, in its proposed conclusions of law submitted in connection with its motion for a preliminary injunction, Parameter sought to restrain Poole from "maintaining employment at NTP or any other entity in the information security and digital forensics industry for the purpose of selling information security or digital forensics services." *Id.* at 3-4. Given that history, and in light of the fact that Parameter's primary customer base is located in the St. Louis area, Poole contends he reasonably believed "that he could still work for NTP and even potentially sell services as long as (1) they were not Parameter customers, and (2) they were outside the 50-mile radius." *Id.* at 4. Poole thus asks the Court to deny Parameter's request for sanctions and to issue an order clarifying the scope of the Preliminary Injunction.

"[C]ivil contempt is a severe remedy, and . . . principles of basic fairness require that those enjoined receive explicit notice of what conduct is outlawed before being held in civil contempt." *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1802 (2019) (cleaned up internal citation omitted). Moreover, "[t]o warrant civil contempt relief, the [party seeking a finding of contempt] must prove by clear and convincing evidence that the decree is being violated." *Mahers v. Hedgepeth,* 32 F.3d 1273, 1274 (8th Cir. 1994).

3

Upon careful consideration of the parties' arguments, in light of these principles, the Court declines to issue the show-cause order requested by Parameter or to hold Poole in contempt.[1] The Court attempted to clarify the scope of Paragraph 1 of the Preliminary Injunction by noting, in the body of its Order, that "the preliminary injunction will only prevent Poole from working for NTP, or other competitors of Parameter located within a 50-mile radius, in the capacity of selling information security or digital forensics services." ECF No. 55 at 28-29. By referencing the "competitors of Parameter located within a 50-mile radius," the Court intended to make clear that the "50-mile radius" language applied to "competitors of Parameter"; in other words, Poole was enjoined from selling information security or digital forensics services as an employee of NTP or as an employee of any other Parameter competitor within a 50-mile radius.

Nevertheless, Poole's reading of the Preliminary Injunction is not unreasonable, and sanctions are not warranted. The Court will grant Poole's motion to clarify the Preliminary Injunction in order to make clear that, until further order of the Court, Poole is prohibited from maintaining employment at NTP in a capacity that involves selling information security or digital forensics services; or maintaining employment at any other Parameter competitor within a 50-mile radius of Parameter's office in a capacity that involves selling information security or digital forensics services.

Accordingly,

---

[1] Nor does the Court find that expedited discovery of the sort requested by Parameter is warranted at this stage.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Order to Show Cause Why Defendant John Poole Should Not Be Held in Contempt of Court, for Expedited Discovery, and for Sanctions is **DENIED**. ECF No. 64.

**IT IS FURTHER ORDERED** that Defendant John Poole's Motion for Clarification (ECF No. 66) is **GRANTED as follows**.

The Preliminary Injunction entered against Defendant John Poole on December 9, 2019 (ECF No. 55) is **MODIFIED** at Paragraph 1 of Page 30, as follows:

> Until further order of the Court, Defendant John Poole shall be prohibited from:
>
> 1. Maintaining employment at Wren & Associates, LLC, d/b/a Network Technology Partners ("NTP") in a capacity that involves selling information security or digital forensics services; or maintaining employment at any other employer in the information security or digital forensics industry located within 50 miles of the Parameter LLC, d/b/a Parameter Security's ("Parameter") office located at 122 S. Main Street, St. Charles, MO 63301 in a capacity that involves selling information security or digital forensics services.

Except as modified herein, the Preliminary Injunction entered against Defendant John Poole on December 9, 2019 (ECF No. 55) shall remain in effect.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 31st day of January, 2020.